Date signed July 28, 2005



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | | |
|---|---|---|---|
| In Re: | * | | |
| Martin Baltrotsky, | * | Case No. | 98-20642PM |
| | * | Chapter | 7 |
| | * | | |
| Debtor. | * | | |
| ************************************ | * | | |
| Thomas M. Rosenblatt, | * | Adv. Proc. No. | 05-01059PM |
| | * | | |
| Plaintiff, | * | | |
| vs. | * | | |
| Kevin P. Fay and Kevin P. Fay, P.A. Profit Sharing Plan and Trust, | * | | |
| | * | | |
| Defendants. | * | | |

## MEMORANDUM OF DECISION

This matter came before the court for hearing on June 28, 2005, on cross motions for summary judgment. The parties filed a stipulation of all relevant facts. There being no genuine issue as to any material fact, the court finds that the Defendants, Kevin P. Fay and Kevin P. Fay, P.A. Profit Sharing Plan and Trust, are entitled to judgment as a matter of law. See FED. R. BANKR. P. 7056(c); FED. R. CIV. P. 56(c).[1]

---

[1] Pursuant to Rule 56 of the Federal Rules of Civil Procedure, applicable in adversary proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure, summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 883-84 (1990); Sylvia

Procedural and Factual Background

Plaintiff filed this adversary proceeding to determine the validity of a lien. The parties filed a Joint Statement of Facts, which provided that in 1997 the Plaintiff and his wife loaned funds to Martin Baltrotsky ("the Debtor"), secured by a Deed of Trust on the Debtor's Ocean City property. The Debtor filed for relief under chapter 11 in 1998 and, in November 2000, confirmed a Third Amended Plan of Reorganization. The plan provided that the Debtor would retain his property free and clear of all liens and encumbrances with the exception of any valid security interest existing prior to the confirmation date. The Plaintiff held a valid pre-confirmation lien on the Ocean City land.

After confirmation, the Debtor defaulted on the obligation owed to the Plaintiff. Foreclosure proceedings were docketed in the Circuit Court for Worcester County in 2001. The foreclosure was cancelled based on an forbearance agreement permitting the Plaintiff to record an escrowed deed in lieu of foreclosure if the Debtor defaulted. In August 2001, unbeknownst to the Plaintiff and while the deed was being held in escrow, the Defendant loaned funds to the Debtor, secured by a second deed of trust on the Ocean City property. In the Fall of 2001, the Debtor defaulted on the forbearance agreement. The Plaintiff recorded the deed from the Debtor in January 2002. The court notes that the erratic conduct of the Debtor with respect to the Ocean City property has caused considerable confusion.

The Plaintiff asserts that this court retained jurisdiction over "all questions and disputes regarding titles to the assets of the estate" and, therefore, since the Defendants failed to obtain this court's approval of the secured loan, the second deed of trust is void. The Defendant opposes and also moves for judgment as a matter of law contending that, pursuant to 11 U.S.C. § 1141, the Debtor was not required to seek court approval.

---

Dev. Corp. v. Calvert County, Maryland, 48 F.3d 810, 817 (CA4 1995). In considering a motion for summary judgment, the court must view all permissible inferences in a light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). Summary judgment is appropriate only if, taking the record as a whole, a reasonable jury could not possibly return a verdict in favor of the non-moving party. Matsushita Elec. Indus. Co., Ltd., 475 U.S. at 587.

Discussion

Pursuant to 11 U.S.C. § 1141(b), upon confirmation of the Debtor's Restated Third Amended Plan of Reorganization, all of the property of the estate vested in the Debtor. Section 1141(b) provides:

> Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

The Ocean City property did not vest free and clear of liens as the confirmed plan provided that the Plaintiff would retain his lien. Article XVII (Retention of Property) provides:

> Upon confirmation of this Plan, the Debtor shall retain all of his property, including all vehicles, equipment, fixtures, furniture and furnishings, inventory, accounts, contract rights, etc., except otherwise provided herein. All such property shall be retained by the Debtor free and clear of liens and encumbrances with the exception of any valid security interest existing prior to the Confirmation Date, or created hereby.
>
> Upon confirmation of this Third Amended Plan of Reorganization, as may be modified from time to time, the Debtor shall be free to operate his business without restriction and to use, sell or otherwise dispose of its [sic] property, or obtaining [sic] financing in any manner not inconsistent with this Plan or any Order issued by the United States Bankruptcy Court.

The Debtor did not need this court's approval to borrow secured funds from the Defendants as the property vested in him upon confirmation and the plan specifically provided that he may obtain financing. Indeed, the court retained post-confirmation jurisdiction with respect to certain matters, including questions and disputes regarding title. See Article XX (Retention of Property). However, this dispute is not one involving title. It is a dispute as to the validity of the Defendants' lien.

Conclusion

As the Ocean City property vested in the Debtor upon confirmation, the Debtor was not required to seek court approval for obtaining secured financing from the Defendants. Further, this court did not retain jurisdiction to hear disputes with respect to the validity of liens. Accordingly, the Defendants are entitled to judgment as a matter of law. Counsel for the Defendants shall submit an appropriate order in accordance with this decision.

-4-

cc: Thomas M. Rosenblatt
6013 Neilwood Drive
Rockville, MD 20853

James J. Fitzgibbons
Law Offices of Thomas H. Price
13321 New Hampshire Ave., Ste. 110
Silver Spring, MD 20904

Kevin P. Fay and Kevin P. Fay, P.A. Profit
Sharing Plan and Trust
25 West Middle Lane
Rockville, MD 20850

Brian E. Barkley
Barkley and Kennedy
51 Monroe St., Ste 1407
Rockville, MD 20850

**End of Memorandum Decision**